UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br>THE CATHOLIC BISHOP PF SPOKANE<br>a/k/a THE CATHOLIC DIOCESE OF<br>SPOKANE, a Washington<br>corporation sole,<br>                Debtor.<br>_____<br>JOHN DOE, JAMES DOE and JOSEPH<br>DOE (pseudonyms),<br>                Plaintiffs,<br>    -vs-<br>CATHOLIC ARCHBISHOP OF SEATTLE,<br>a Washington nonprofit<br>corporation; CATHOLIC BISHOP OF<br>SPOKANE, a Washington nonprofit<br>corporation; and PATRICK<br>O'DONNELL, individually,<br>                Defendants. | NO.   CV-05-0050-LRS<br><br>**ORDER GRANTING PLAINTIFFS'**<br>**MOTION TO VOID REMOVAL** |

BEFORE THE COURT is Defendant Catholic Archbishop of Seattle's [Seattle Archdiocese] Notice of Removal (Ct. Rec. 1), filed February 15, 2005; Plaintiffs' Objection to Removal (Ct. Rec. 2), filed February 17, 2005; Defendant Seattle Archdiocese's Motion for Stay of District Court Proceedings (Ct. Rec. 14), filed March 15, 2005; and Plaintiffs' Motion to Void Removal (Ct. Rec. 16), filed March 16, 2005.  All motions were filed without oral argument.

///

**ORDER GRANTING PLAINTIFFS' MOTION TO VOID REMOVAL** - 1

**BACKGROUND**

This matter was originally filed in King County Superior Court on or about July 14, 2003, and venue was transferred to Spokane County Superior Court on October 3, 2003.

On December 6, 2004, Defendant Catholic Archbishop of Spokane [Spokane Archdiocese] filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 04-08822-PCW11.

On January 5, 2005, Defendant Spokane Archdiocese filed a Notice of Removal with the U.S. Bankruptcy Court for the Eastern District of Washington pursuant to 28 U.S.C. §1452 and the Federal Rules of Bankruptcy Procedure Rule 9027, removing *Doe et al. v. Catholic Bishop of Spokane*, *et al.,* Spokane County Superior Court Case No. 03-2-06469-1. On January 6, 2005, the Spokane Archdiocese filed a copy of the Notice of Removal with Spokane County Superior Court pursuant to F.R.B.P. 9027(c) to effect removal of the action from state court. On January 18, 2005, in the Adversary Proceeding in the U.S. Bankruptcy Court, Eastern District of Washington (Cause No. 05-80004-PCW), Plaintiffs filed an Objection to Removal and Motion to Remand or Abstain (Ct. Rec. 6 in 05-80004-PCW) to have the adversary proceeding remanded to state court.

On February 14, 2005, Defendant Seattle Archdiocese, as co-defendant in *Doe et al. v. Catholic Bishop of Spokane*, filed a Notice of Removal in Spokane County Superior Court, attempting to remove that case to this court. On February 15, 2005, the Seattle Archdiocese filed a Notice of Removal in this court.

///

**ORDER GRANTING PLAINTIFFS' MOTION TO VOID REMOVAL** - 2

On March 22, 2005, the Honorable Patricia Williams issued a scheduling order in Bankruptcy Case No. 05-80004-PCW requiring briefing in Plaintiff's Motion to Remand to be completed by April 22, 2005. The scheduling order set a consolidated hearing on May 3, 2005 for Plaintiffs' Motion for Remand. Ct. Rec. 24 in Bankruptcy Case No. 05-80004-PCW.

**DISCUSSION**

Plaintiffs and Defendant Spokane Archdiocese assert that removal was not possible as a matter of law by Defendant Seattle Archdiocese as there was no longer a state court action which could be removed on February 14, 2005.

Defendant Seattle Archdiocese contends that Defendant Spokane Archdiocese's removal on January 5, 2005 was defective because the petition for removal was filed with the bankruptcy court rather than with the district court. This notice of removal, it argues, was not filed according to statute and is invalid.

This Court must decide the jurisdictional issues raised by Plaintiffs and Defendant Spokane Archdiocese. The sole issue before this Court is whether the first filed notice of removal by Defendant Spokane Archdiocese to the Bankruptcy Court rather than the district court was valid. If Defendant Spokane's removal was valid, Defendant Seattle Archdiocese had no state court action to remove to this court and, therefore, its subsequent removal was void. If there is a jurisdiction defect and the parties and the action are not properly before the Court, any action taken by the Court would be void. Therefore, the issues which
///

Plaintiffs and Defendant Spokane Archdiocese have essentially denominated as "jurisdictional" will be examined by this Court.

Title 28, Section 1452 covers the removal of claims related to bankruptcy cases, and states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a)

F.R.B.P. Rule 9027(a) addresses the notice of removal in such cases, and states in pertinent part, "A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending."  Rule 9027(a)(1).

The Court acknowledges that a party might interpret Rule 9027(a)(1) and § 1452(a) to mean that the removal notice should be filed in district court.  Confusion about whether to file the notice of removal in district court or bankruptcy court is also understandable given that there is some case authority indicating that the former is appropriate. See *In re Schuler*, 45 B.R. 684,686 (Bankr.D.N.D.1985) (finding that 28 U.S.C. § 1452 "clearly provides that removal of claims related to bankruptcy cases shall be to the district court.  No mention is made of the bankruptcy court."); *Centrust Savings Bank v. Love*, 131 B.R. 64, 65-66 (S.D.Tex.1991) ("The general removal statute and the bankruptcy removal statute allow a defendant to remove a case from state to federal district court when the federal district court has original jurisdiction, but no

**ORDER GRANTING PLAINTIFFS' MOTION TO VOID REMOVAL** - 4

statute allows removal directly from a state court to bankruptcy court.").

The Court also notes that at least one district court, Northern District of California, has resolved this "ambiguity" as to where to file by implementing a local rule[1] (Local Rule 5011-1(a)) that addresses removal of cases pursuant to F.R.B.P. Rule 9027 relating to Chapter 11 proceedings.

The majority view is stated in *In re Aztec Industries, Inc.*, 84 B.R. 464 (N.D.Ohio 1987). *Aztec Industries* involved a petition for removal filed with the bankruptcy court in Ohio rather than the district court. *Id*. at 465. The court in *Aztec Industries* held that it was proper to remove to the bankruptcy court rather than the district court, noting, "Notwithstanding the use of the term 'District Court' in § 1452(a), the majority of courts have allowed parties to file Petitions for Removal of state court cases with the Bankruptcy Court." *Id*. at 468 (citing *In re Princess Louise Corp*., 77 B.R. 766, 768 (Bankr.C.D.Cal.1987); *In re Convent Guardian Corp*., 75 B.R. 346, 347 (Bankr.E.D.Pa.1987)*; Matter of Centro de Transmisiones Automaticas*, 73 B.R. 297, 298 (Bankr.D.Puerto Rico 1987); *In re North American Funding Corp*., 64 B.R. 795, 796 (Bankr.S.D.Tex.1986); *In re Finley*, 62 B.R. 361, 365 (Bankr.N.D.Ga.1986); *Matter of Cassidy Land & Cattle Co.*, 62 B.R. 93, 96 (Bankr.D.Neb.1986);

---

[1]Bankruptcy Local Rule 5011-1(a) states, "Pursuant to 28 U.S.C. § 157(a), all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges of this district except as provided in B.L.R. 5011-1(b)." Northern District of California Local Rule 5011-1(a).

**ORDER GRANTING PLAINTIFFS' MOTION TO VOID REMOVAL** - 5

1  *In re Commercial Oil Service, Inc*., 58 B.R. 311, 314 (Bankr.N.D.Ohio
2  1986), *aff'd sub nom. State of Ohio v. Commercial Oil Service, Inc*., 88
3  Bankr.126 (N.D.Ohio 1987); *In re Gianakas*, 56 B.R. 747, 750-753
4  (N.D.Ill.1985); *In re Philadelphia Gold Corp*., 56 B.R. 87, 89-90
5  (Bankr.E.D.Pa.1985).

6  The cases allowing the filing of Petitions for Removal with the Bankruptcy Court primarily base their holdings on the fact that Bankruptcy Courts are "units" or "adjuncts" of the District Courts. *Aztec Industries*, 84 B.R. at 468. The amended version of Bankruptcy Rule 9027(a), effective on August 1, 1987, provides that "An application for removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Rule 9002(3) (as amended) states: " 'Clerk' or 'clerk of the district court' means the court officer responsible for the bankruptcy records in the district." The United States Supreme Court adopted the amendments to the Bankruptcy Rules and submitted them to Congress pursuant to 28 U.S.C. § 2075. The Court finds that Defendant Spokane Archdiocese's filing of the Petition for Removal with the Bankruptcy Court was proper.

The Court must also consider the timeliness of the filing of the Petition for Removal. Bankruptcy Rule 9027(a)(2), which states:

> (2) **Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.**
> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, an application for removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after the

**ORDER GRANTING PLAINTIFFS' MOTION TO VOID REMOVAL** - 6

1
2
> trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

3 The state court action was initiated on or about July 14, 2003, before
4 the commencement of the case under the Bankruptcy Code on December 6,
5 2004. Defendant Spokane Archdiocese filed its Petition for Removal on
6 January 5, 2005, within the ninety (90) days allowed under 9027(a)(2)(A)
7 in both the Bankruptcy and District Courts.

8    Plaintiffs' sexual abuse and wrongful death claims against Spokane
9 Diocese, a debtor in bankruptcy, satisfies the relatively facile
10 requirement of being "related to" a case arising under Title 11. See 28
11 U.S.C. § 1334(a) (1994); *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1989)
12 ("An action is related to bankruptcy if the outcome could alter the
13 debtor's rights, liabilities, options, or freedom of action (either
14 positively or negatively) and which in any way impacts upon the handling
15 and administration of the bankrupt estate.") (citing *Pacor Inc., v.
16 Higgins*, 743 F.2d 984, 994 (3rd Cir.1984).

17    Finally, the suggestion of Defendant Seattle Archdiocese that
18 Spokane's removal to the Bankruptcy Court was defective is not
19 convincing. F.R.B.P. Rule 9027(c) states:

20 **(c) Filing in non-bankruptcy court**

21
22
23
24
> Promptly after filing the notice of removal, the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed. Removal of the claim or cause of action is effected on such filing of a copy of the notice of removal. The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.

25

26 ///

**ORDER GRANTING PLAINTIFFS' MOTION TO VOID REMOVAL** - 7

Defendant Spokane Archdiocese filed the notice in the state court (non-bankruptcy court) on January 6, 2005, and so the parties were unable to proceed in the state court, i.e., to remove the state proceedings a second time based on Rule 9027(c). Therefore, Seattle Archdiocese, as co-defendant in Spokane County Superior Court Case No. 03-2-06469-1, was unable to effect a removal to this court after January 6, 2005. And although the parties do not raise the issue, the Court finds nothing in 28 U.S.C. § 1452 requiring all defendants to unanimously agree to remove a matter to the federal courts.

**CONCLUSION**

The Court finds Defendant Seattle Archdiocese's notice of removal void because it did not have an existing cause of action to remove. The Court therefore must dismiss Defendant Seattle Archdiocese's Notice for Removal[2]. Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Void Removal, **Ct. Rec. 16**, filed March 16, 2005, is **GRANTED**.

2. Plaintiffs' Objection to Removal, Demand for Jury, **Ct. Rec. 2**, filed February 17, 2005 is **DENIED AS MOOT**.

3. Defendant Seattle Archdiocese's Motion for Stay of District Court Proceedings, **Ct. Rec. 14**, filed March 15, 2005, is **DENIED AS MOOT.**

4. Defendant's Notice of Removal, **Ct. Rec. 1,** filed February 15, 2005, is **VOID** and hereby vacated and held to be without force or effect.

///

---

[2] Defendant Seattle Archdiocese has not filed a Petition for Removal, only a Notice of Removal.

**ORDER GRANTING PLAINTIFFS' MOTION TO VOID REMOVAL** - 8

1 | The District Court Executive is directed to file this Order;
2 | provide copies to counsel of record; and close file.
3 | **DATED** this 27th day of April, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

**ORDER GRANTING PLAINTIFFS' MOTION TO VOID REMOVAL** - 9